IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BYRON DONNELLE CLAY, | |
| Plaintiff, | CIVIL ACTION NO.: 2:23-cv-86 |
| v. | |
| DR. S. DILLMAN, NURSE D. SAVAGE, NURSE T. GARLIN, and GLYNN COUNTY DETENTION CENTER, | |
| Defendants. | |

## **O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS without prejudice** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

### **PLAINTIFF'S CLAIMS**[2]

Plaintiff brings this claim under § 1983, alleging constitutional violations by Defendants while he was held as a pre-trial detainee at Glynn County Detention Center ("GCDC"). Doc. 1. On June 5, 2023, Plaintiff submitted a form to the GCDC medical department complaining of neck and back pain. Id. at 9. Defendants Savage and Dr. Dillman responded, instructing

---

[1] Plaintiff has consented to the undersigned's plenary review. Docs. 4, 6.

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff to ask pod officers for Tylenol.  Id.  On June 10, 2023, Plaintiff informed medical staff the injury resulted from jumping off a wall in a holding cell in April 2023 and Tylenol was not helping.  Id.  Defendants did not examine Plaintiff's injuries again and told Plaintiff, "Then don't jump off things."  Id.

Plaintiff filed a grievance claiming this was cruel and unusual punishment.  Id. at 13.  Plaintiff received a response stating the grievance had been addressed.  Id. at 12.  Plaintiff appealed his grievance and received a similar response stating the issue had been resolved.  Id.  Plaintiff filed his Complaint alleging Eighth Amendment and Fourteenth Amendment violations.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662,

2

678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

I. **Plaintiff's Deliberate Indifference Claim**

Plaintiff contends the lack of treatment, i.e., only receiving Tylenol for his neck and back pain, amounts to deliberate indifference of a serious medical need.  Doc. 1.  As a pre-trial detainee at the Glynn County Detention Center, Plaintiff's deliberate indifference claim is evaluated under the Fourteenth Amendment.  However, the Eleventh Circuit Court of Appeals has "historically treated convicted prisoners' Eighth Amendment claims and pretrial detainees' Fourteenth Amendment claims identically." White v. Cochran, No. 16-17490, 2017 WL 6492004, at * 2 (11th Cir. Nov. 27, 2017).[3]  Thus, a deliberate indifference to medical needs claim under the Fourteenth Amendment mirrors analysis under the Eighth Amendment's proscription against cruel and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

The standard for cruel and unusual punishment in the medical care context, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate.  Farmer, 511

---

[3]   In Kingsley v. Hendrickson, the United States Supreme Court found the "language of the [Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause] differs, and the nature of the claims often differs."  576 U.S. 389, 400 (2015) (adopting a different test to evaluate pre-trial detainee's excessive force claims than the test used to evaluate convicted prisoners' excessive force claims).  However, the Eleventh Circuit recently determined, "Kingsley is not squarely on point with and does not actually abrogate or directly conflict with precedent outside of the context of an excessive[ ]force claim." White, 2017 WL 6492004, at *2 n.1 (citing Dang ex rel. Dang v. Sheriff, Seminole Cnty., 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (internal citation and punctuation omitted)).

U.S. at 828.  However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105).  Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  In order to prevail on a deliberate indifference claim under the Eighth Amendment, a prisoner must show three elements: (1) an objectively serious medical need; (2) a defendant's subjective, deliberate indifference to that need; and (3) an injury caused by the defendant's indifference.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

"Mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment."  Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  Additionally, "it is well established that a difference in opinion or a disagreement between an inmate and prison officials as to what medical care is appropriate for his particular condition does not state a claim for deliberate indifference to medical needs."  John v. Cochran, Civil Action No. 13-0001, 2013 WL 5755189, at *9 (S.D. Ala. Oct. 22, 2013).  "The question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment."  Owen v. Corizon Health Inc., 703 F. App'x 844, 849 (11th Cir. 2017) (internal citations omitted) (citing Adams, 61 F.3d at 1545).  "However, "medical treatment so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" constitutes

deliberate indifference." Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (internal quotations omitted).

Here, Plaintiff asserts Defendants were deliberately indifferent to his serious medical need because they only provided Tylenol as treatment for Plaintiff's neck and back pain. Doc. 1 at 9, 13. Plaintiff's claims, as pleaded, are medical malpractice claims or simply disagreements with Defendants over his treatment; the conduct alleged does not give rise to a claim of deliberate indifference under the Fourteenth Amendment. Accordingly, I **DISMISS** Plaintiff's claim for deliberate indifference against Defendants.

## II.  Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal

5

v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 7th day of December, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA